UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KISARE MAKORI, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-854-JD-MGG |
| RYAN STOCKBRIDGE, et al., | |
| Defendants. | |

OPINION AND ORDER

Kisare Makori, a prisoner without a lawyer, filed a complaint about an alleged use of excessive force on August 12, 2021, while he was detained at the St. Joseph County Jail awaiting trial. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Makori alleges that Officer Ryan Stockbridge used excessive force when restraining him in the Safety Restraint Chair, and then Nurse Hutch ignored his complaints of pain. ECF 1 at 2-3. Makori attaches the incident report, which states that while Makori was being held in Detox 1, he was kicking the door. ECF 1-1 at 3. He was told to stop or he would be placed in the Safety Restraint Chair, but he continued

anyway. *Id.* Officer Stockbridge reported that he handcuffed Makori's hands behind his back through the cuff port, entered the cell with the Safety Restraint Chair, and had Makori sit in the chair so that he and other officers could strap him in. *Id.*

Makori does not dispute this account, but he contends Officer Stockbridge used more force than necessary during the process and excessively tightened the straps on the chair. ECF 1 at 2. According to Makori, he told Officer Stockbridge that he had a bad back and could not lean forward in the chair for the handcuffs to be removed, but the officer still forced him forward. *Id.* Officer Stockbridge's account confirms that Makori told him he had a bad back and refused to lean forward, and so the officer "placed [his] open palm on the left side of his upper back and [he] assisted Makori with leaning forward so the handcuffs could be removed." ECF 1-1 at 3. Makori then says the shoulder restraint on his left shoulder was too tight, cutting off circulation for the two and a half hours he was in the chair. ECF 1 at 2. After he was strapped in, the incident reports state that Nurse Hutch examined him and cleared him medically to remain secured in the chair. ECF 1-1 at 3-4. Makori claims Nurse Hutch ignored his complaints of a sharp pain running down his back and arm and did not remedy the too-tight straps. ECF 1 at 2-3. As a result, Makori alleges he has several pinched nerves and lasting pain. *Id.*

Because Makori was a pretrial detainee when these events occurred, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation

2

omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, although it appears some force was warranted under the circumstances, it is plausible that the amount of force used was objectively unreasonable in light of Makori's back problems. Makori may proceed against Officer Stockbridge.

3

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda*, 900 F.3d at 352. The first consideration is whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.* Giving Makori the benefit of the inferences to which he is entitled at this early stage, he has stated a claim against Nurse Hutch for ignoring his complaints of pain and clearing him medically despite the too-tight straps when she examined him after he was strapped to the Safety Restraint Chair.

For these reasons, the court:

(1) GRANTS Kisare Makori leave to proceed against Officer Ryan Stockbridge in his individual capacity for compensatory and punitive damages for using excessive force while placing Makori in the Safety Restraint Chair on August 12, 2021, in violation of the Fourteenth Amendment;

(2) GRANTS Kisare Makori leave to proceed against Nurse Hutch in her individual capacity for compensatory and punitive damages for ignoring his complaints of pain and excessively tight straps when evaluating him after he was placed in the Safety Restraint Chair on August 12, 2021, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Ryan Stockbridge and Nurse Hutch at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the St. Joseph County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ryan Stockbridge and Nurse Hutch to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 11, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT